UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS SANCHEZ,

                     Plaintiff,

      v.                                                                   9:19-CV-0877
                                                                       (GLS/TWD)

OFFICER J. KLINE et al.,

                     Defendants.
_____

APPEARANCES:

CARLOS SANCHEZ
Plaintiff, Pro Se
05-A-6204
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

HON. LETITIA JAMES                    ERIK BOULE PINSONNAULT
New York State Attorney General      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

     Plaintiff Carlos Sanchez commenced this action by filing a pro se complaint for relief pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application"). By Decision and Order of this Court filed August 19, 2019, plaintiff's IFP Application was granted, and following review of the

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of plaintiff's claims and one of the named defendants were dismissed and the Court directed service and a response for the claims against defendants Gray and J. Kline that survived sua sponte review. Dkt. No. 9 ("August 2019 Order"). Plaintiff subsequently filed an amended complaint, wherein he added Corrections Captain Meigs and Supervising Offender Rehabilitation Coordinator Neil Crystal as defendants and asserted various claims against them. Dkt. No. 24 ("Am. Compl."). By Decision and Order filed January 23, 2020, the Court accepted plaintiff's amended complaint for filing and found that the following claims survived sua sponte review and required a response: (1) plaintiff's First Amendment retaliation claims against defendants Gray, Meigs, and Crystal; (2) plaintiff's Eighth Amendment failure-to-protect claim against defendant Gray; and (3) plaintiff's Fourteenth Amendment equal protection claims against defendants Gray, Kline, Meigs, and Crystal.

Presently before the Court is plaintiff's letter motion seeking to "remove" defendants Meigs and Crystal as defendants because they afforded him the relief sought against them in the amended complaint. Dkt. No. 29.

The Court construes plaintiff's application as seeking voluntary dismissal of defendants Meigs and Crystal, and all claims against them, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.[1] Rule 41(a) provides in relevant part that a "plaintiff may

---

[1] Although some decisions within this Circuit suggest that Rule 41(a) may only be employed to dismiss an "entire controversy," *Harvey Aluminum, Inc. v. Am.Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), more recent cases make clear that this rule "permit[s] the withdrawal of individual claims." *Azkour v. Haouzi*, No. 11-CV-5780, 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) (collecting cases); *see Wakefield v. N. Telecom. Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (suggesting that the "entire controversy" language of *Harvey Aluminum* is mere dicta). Furthermore, even if it would have been more proper for plaintiff to seek dismissal of his claims against only certain defendants by filing a motion to amend under Fed. R. Civ. P. 15, "there is no substantive difference between the two" in this case because "the operative consideration under both rules is whether defendant will be 'prejudiced.'" *Nix v. Office of Comm'r of Baseball*, No. 17-CV-1241, 2017 WL 2889503, at *3 n.2 (S.D.N.Y. July 6, 2017) (quoting *Seidman v. Chobani, LLC*, No. 14-CV-4050, 2016 WL 1271066, at *2

2

dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Since none of the defendants have answered or moved for summary judgment, and defendants Meigs and Crystal will not suffer any prejudice if plaintiff's claims against them are dismissed, plaintiff is entitled to voluntary dismissal these defendants, and all claims against them, without prejudice, without further order of the court.

**WHEREFORE**, it is hereby

**ORDERED** that, in accordance with plaintiff's notice to voluntarily dismiss Meigs and Crystal as defendants (Dkt. No. 29), the Clerk of the Court shall terminate these individuals as defendants, and reflect that the action against them is voluntarily dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by defendants Kline and Gray, or their counsel, within **THIRTY (30) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED**.

February 5, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

(S.D.N.Y. Mar. 29, 2016) (citations omitted)).