UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS SANCHEZ,

                              Plaintiff,

        v.                                        9:19-CV-0877
                                                      (GLS/TWD)

J. KLINE et al.,

                              Defendants.

---

APPEARANCES:

CARLOS SANCHEZ
Plaintiff, Pro Se
05-A-6204
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

HON. LETITIA JAMES                   ERIK BOULE PINSONNAULT
New York State Attorney General      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

### I.     INTRODUCTION

      Plaintiff Carlos Sanchez commenced this action by filing a pro se complaint for relief

pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt.

No. 1 ("Compl."); Dkt. No. 4 ("IFP Application"). By Decision and Order of this Court filed

August 19, 2019, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of plaintiff's claims and one of the named defendants were dismissed and the Court directed service and a response for the claims against defendants Gray and J. Kline that survived sua sponte review.  Dkt. No. 9 ("August 2019 Order").  Plaintiff subsequently filed an amended complaint, wherein he added Corrections Captain Meigs and Supervising Offender Rehabilitation Coordinator Neil Crystal as defendants and asserted various claims against them.  Dkt. No. 24 ("Am. Compl.").  By Decision and Order filed January 23, 2020, the Court accepted plaintiff's amended complaint for filing and found that the following claims survived sua sponte review and required a response: (1) plaintiff's First Amendment retaliation claims against defendants Gray, Meigs, and Crystal; (2) plaintiff's Eighth Amendment failure-to-protect claim against defendant Gray; and (3) plaintiff's Fourteenth Amendment equal protection claims against defendants Gray, Kline, Meigs, and Crystal.

Thereafter, plaintiff filed a letter motion seeking to "remove" defendants Meigs and Crystal as defendants because they afforded him the relief sought against them in the amended complaint.  Dkt. No. 29.  By Decision and Order entered on February 5, 2020, the Court construed plaintiff's letter motion as an application seeking voluntary dismissal of defendants Meigs and Crystal, and all claims against them, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and found that plaintiff was entitled to voluntary dismissal of these defendants, and all claims against them, without prejudice, without further order of the Court.  Dkt. No. 30 ("February 2020 Order").

Following the February 2020 Order, defendants Gray and Kline filed an answer, and a mandatory pretrial discovery and scheduling order was issued.  Dkt. No. 33 ("Answer"); Dkt.

No. 34 ("Scheduling Order").

Presently before the Court are the following: (1) a letter motion from plaintiff requesting to "voluntary close the litigation" because of stress associated with the "virus" and the "need" for "union[,]" Dkt. No. 36 ("First Letter Motion"), and (2) a subsequently filed letter request from plaintiff to supplement the amended complaint, Dkt. No. 39 ("Second Letter Motion").

## II.    DISCUSSION

### A.    Second Letter Motion

The Second Letter Motion, which plaintiff filed after counsel responded to the First Letter Motion,[1] seeks to supplement the amended complaint to add one or more claims for relief based on alleged wrongdoing by two non-party officials from Coxsackie Correctional Facility on May 1, 2020.  *See generally* Second Letter Motion.  Plaintiff acknowledges in the Second Letter Motion that he has a pending request to voluntarily dismiss his claims against defendants Kline and Gray, but claims that the "harassment, descrimination [sic] and abuse of power" associated with the events of May 1, 2020, occurred because he sought to voluntarily dismiss this action.  *Id*. at 2.

By plaintiff's own admission, he has not fully exhausted his administrative remedies with respect to the alleged events that occurred on May 1, 2020.  *See* Second Letter Motion at 2.  Furthermore, "[c]ourts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case."  *Amusement Indus. v. Stern*, No. 07-CV-11586, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 10, 2014); *see Mitchell v. Cuomo*,

---

[1] Counsel for defendants does not object to the First Letter Motion, but asks that the dismissal be with prejudice.  Dkt. No. 37.

No. 17-CV-0892 (TJM/DJS), 2019 WL 1397195, at *3 (N.D.N.Y. Mar. 28, 2019) (adopting Magistrate Judge's recommendation to deny motion to supplement where "[t]he proposed First Amendment claims are neither related to nor pertain to the allegations in the operative pleading, thus providing a basis to deny amendment under Rule 15(d)"); *Beckett v. Inc. Vill. of Freeport*, No. 11-CV-2163, 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014) ("Supplemental pleadings are limited to subsequent events related to the claim or defense presented in the original pleading." (internal quotation marks omitted)); *Brooks v. Rock*, No. 11-CV-1171 (GLS/ATB), 2014 WL 1292232, at *3 (N.D.N.Y. Mar. 28, 2014) (denying motion to amend to add allegations of retaliation and failure to protect from alleged conspiracy, where the original facts occurred in 2011 and the proposed new facts occurred in 2013); *Smith v. Goord*, No. 04-CV-6432, 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (denying motion to add claims against original and new defendants based on events occurring more than one year after the original alleged events). Here, the alleged events that occurred on May 1, 2020, do not relate in any respect to the underlying claims that remain in this action, which are based on alleged events that occurred between June and July, 2019, while plaintiff was confined at Eastern Correctional Facility. *See* Am. Compl.

For these reasons, the Second Letter Motion is denied insofar as plaintiff seeks to amend or supplement the amended complaint to add one or more claims based on alleged wrongdoing that occurred at Coxsackie Correctional Facility on May 1, 2020.[2]

**B.    First Letter Motion**

Because it appears plaintiff may desire to voluntarily dismiss his claims against

---

[2] Plaintiff is free to commence a new action against the proposed new defendants from Coxsackie Correctional Facility, based on the alleged wrongdoing that occurred on May 1, 2020.

4

defendants Kline and Gray if he is not able to supplement his amended complaint, the Court will address the merits of the First Letter Motion, which must be considered as a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure because defendants Kline and Gray have answered the amended complaint.[3]

Rule 41(a)(2) provides, in relevant part, that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, [the] dismissal . . . is without prejudice."

"[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted); *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) ("The United States Supreme Court and the Second Circuit have recognized that 'starting a litigation all over again does not constitute legal prejudice.'" (quoting *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936))).

"The Second Circuit has set forth factors that are relevant to a district court's determination of whether a defendant would be prejudiced by dismissing an action, including: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and

---

[3] Rule 41(a)(1) of the Federal Rules of Civil Procedure governs dismissals without a court order in situations where the notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment[] or . . . a stipulation of dismissal signed by all parties who have appeared."

(5) the adequacy of plaintiff's explanation for the need to dismiss." *Morehouse v. York*, No. 9:15-CV-0151 (GLS/DJS), 2016 WL 94252, at *2 (N.D.N.Y. Jan. 7, 2016) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

  As an initial matter, counsel's response fails to provide any explanation regarding how the named defendants will be prejudiced if this action is dismissed without prejudice. In addition, the Scheduling Order was only recently issued, and it does not appear that the parties have engaged in any discovery or otherwise incurred significant expense in litigating this action. Moreover, the Court does not have any basis to infer any undue vexatiousness on plaintiff's part in making his motion. Thus, the balance of the *Zagano* factors and the interests of justice favor dismissal without prejudice.

  Accordingly, insofar as plaintiff still desires to voluntarily dismiss this action in light of the denial of his request to supplement, his motion is granted, and this action is dismissed without prejudice pursuant to Rule 41(a)(2).

## III. CONCLUSION

  In light of the foregoing, the Court hereby advises plaintiff that this action will be dismissed **without prejudice** pursuant to his request to discontinue this action **unless** plaintiff notifies the Court and the defendants, **within thirty (30) days** from the filing date of this Decision and Order, that he objects to the dismissal of this action **without prejudice**. If, after thirty days, plaintiff does not object to the dismissal of this action without prejudice, plaintiff's motion for voluntary dismissal will be granted, and this action will be dismissed **without prejudice**, without further order of this Court. If plaintiff timely objects to the dismissal of this action without prejudice, the action will proceed to discovery with respect to

the remaining claims against defendants Kline and Gray.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's letter motion requesting to supplement the amended complaint (Dkt. No. 39) is **DENIED**; and it is further

**ORDERED** that this action is **DISMISSED without prejudice UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, plaintiff files a written objection to the dismissal without prejudice.  The Clerk shall retain plaintiff's motion to voluntarily dismiss this action (Dkt. No. 36) for **thirty (30) days** from the filing date of this Decision and Order.  If plaintiff does not file an objection to dismissal of this action **without prejudice** within thirty days, the following will occur: (1) plaintiff's motion to voluntarily dismiss this action (Dkt. No. 36) will be granted and the action will be dismissed **without prejudice**; and (2) the Clerk will enter Judgment dismissing this action **without prejudice**, without further Order of this Court, and close this case; and it is further

**ORDERED** that, if plaintiff files an objection to the dismissal of this action **without prejudice** within the required time period, the Clerk shall return the file to this Court further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

May 22, 2020
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge